UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEMETRIUS DURRELL NASH                                    CIVIL ACTION

VERSUS                                                    NO. 18-9640

WARDEN ROBERT TANNER ET AL.                               SECTION "H" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Demetrius Durrell Nash, is a prisoner currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Rayburn Warden Robert Tanner, Colonel M.E. Todd, Carol Jordan and Rayburn Correctional Center Legal Programs. Nash alleges that while incarcerated in Rayburn from July 29, 2016 to the present, he has been denied adequate legal assistance and access to the law library and that his grievance complaints and requests for assistance have been denied. He seeks declaratory and injunctive relief. Record Doc. No. 5 (Complaint at ¶'s 23-24).

## THE RECORD

Plaintiff's written submissions allege that he first complained in a grievance at Rayburn that "Offender Counsel Substitutes" at Rayburn were inadequate to provide him with legal assistance "concerning his legal matter" in July 2016. Id. at p. 12. He states that on August 10, 2016, Warden Tanner denied his grievance in a written response, which is attached to his complaint, stating in pertinent part: "Offender Counsel Substitutes are persons not admitted to the practice of law, but are offenders who aid and

assist, without cost or fee, an accused offender" and that they "receive annual training and certification as an Offender Counsel Substitute." Id. at p. 3. Warden Tanner's response to Nash's grievance also states that Rayburn "furnishes the law libraries with up to date cases that are purchased through West Law" and suggests that if Nash needs "professional representation beyond what is available at this facility through the Offender Counsel Substitutes, you should consider enlisting the services of an attorney who is certified through the Louisiana Bar Association." Id.

Nash further complains that he pursued additional appeals and grievances into 2018 concerning his requests for legal assistance and law library access through the Rayburn Administrative Remedies Procedure ("ARP"), including appeals to the Louisiana Department of Public Safety and Corrections ("DOC"), all of which were denied on grounds similar to those provided in the initial response from Warden Tanner. He has attached the various responses to his grievances to his complaint. Id. at pp. 4-7. Among his denied complaints was an allegation that on May 21, 2018, he attempted to access the Rayburn law library at 8:30 a.m., but it was closed and is open for inmate "call out" only from 6:30 p.m. to 9:45 p.m. Id. at p. 6.

As to the specific legal matter for which he sought assistance and law library access, Nash alleges that he "was told to amend his petition" for habeas corpus relief that was pending as C.A. No. 17-246 in the United States District Court for the Western District of Louisiana and that he "was seeking assistance from counsel substitutes to send

2

a response back to the courts from the reply that the district attorney had sent to the courts on April 15, 2018" in his habeas case. Id. at p. 13. Nash states that he "had 20 days from that date to reply back to the courts from the district attorney response . . . a deadline date of May 4, 2018." Id. He alleges that when he did not receive adequate assistance at Rayburn, he "had to draw up an (sic) motion for extension to the Western District Court on scratch paper requesting for (sic) more time to send a response. . . ." Id. He states that the court "granted the extension of time to reply back to the district attorney response," but that "on May 21, 2018, . . . the law library was closed all morning and counsel substitutes never show[ed] up to work that day." Id. at p. 14. He complains that his grievance concerning that incident was denied. Id.

    I have reviewed the docket sheet of the Western District habeas corpus case that is the subject of Nash's complaints. Demetrius Nash v. Nathan Burl Cain II, C.A. No. 17-246-RRS-KK (W.D. La.). The Western District record confirms that Nash successfully responded to the court's order that he amend his habeas petition in 2017. W.D. La. Record Doc. Nos. 7, 9-14. The Western District record also reflects that Nash was able to submit numerous filings to that court during the course of his habeas proceedings in support of his case. In particular, the Western District record confirms the allegation in Nash's complaint that he filed a motion for an extension of time to file a reply, which the court granted, and that he did file a reply. W.D. La. Record Doc. Nos. 20-22. He subsequently submitted three additional filings to the Western District court, W.D. La.

Record Doc. Nos. 24, 26, 28, before the magistrate judge issued her report and recommendation on November 2, 2018, to dismiss Nash's habeas corpus petition with prejudice as time-barred under 28 U.S.C. § 2244(d). W.D. La. Record Doc. No. 32. The recommendation had nothing to do with any inability or failure by Nash to file anything in the Western District case. Nash filed an objection to the report and recommendation on November 21, 2018. W.D. La. Record Doc. No. 33.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589 F. App'x 950 (11th Cir. 2014). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Lewis, 589 F. App'x at 952; Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous, because his claims lack an arguable basis in law, or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims. Plaintiff's complaint fails to state a claim under the broadest reading.[1]

II.  Legal Assistance and Access to Law Library

Nash alleges that he was denied adequate legal assistance and access to the law library while at Rayburn that he needed in connection with his habeas corpus case pending in the United States District Court for the Western District of Louisiana.

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. Bounds v. Smith, 430 U.S. 817, 828 (1977); Dickinson v. TX, Fort Bend County, 325 F. App'x 389, 390 (5th Cir. 2009); Sandoval v. Johns, 264 F.3d 1142, 2001 WL 822779, at *1 (5th Cir. 2001); McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998); Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996).

However, a prisoner's law library access right is not without limitations. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

Vaccaro v. United States, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. 1997) (quotation omitted) (emphasis added); accord Manning v. Sumlin, 540 F. App'x 462, 463 (5th Cir. 2013) (citing Lewis v. Casey, 518 U.S. 343, 356 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

Significantly, to state a claim that his First Amendment right of access to the courts was violated, a prisoner must demonstrate that his position as a litigant was actually prejudiced. Id. at 356; Every v. Jindal, 413 F. App'x 725, 727 (5th Cir. 2011) (citing Lewis, 518 U.S. at 349-50; Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999)); Cochran v. Baldwin, 196 F. App'x 256, 257-58 (5th Cir. 2006) (citing Lewis, 518 U.S. at 350-51); Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996). "[C]ausation is an element of a section 1983 claim; [defendants'] actions must have actually caused the deprivation . . . of which [plaintiff] complains." Hart v. O'Brien, 127 F.3d 424, 446 (5th Cir. 1997), abrogated in part on other grounds as recognized in Spivey v. Robertson, 197 F.3d 772 (5th Cir. 1999); accord Brown v. Bryan County, 219 F.3d 450, 457 (5th Cir. 2000). In Lewis, the Supreme Court made clear that an inmate must establish actual injury to state a claim for denial of his right of access to the courts.

It is clear that no actual legal prejudice to Nash's position as a litigant of the type required by Lewis was caused by any action or omission of the defendants. The record of Nash's habeas corpus case in the Western District and his own allegations establish that Nash has been fully able to prepare and transmit all necessary legal filings in his

still-pending habeas corpus case to the Western District court. The magistrate judge's recommendation that his habeas case be dismissed is based upon Nash's apparent failure to comply with 28 U.S.C. §2244(d), <u>not</u> on any failure to file any response or pleading in that case. Nash has neither alleged nor can he show any actual injury to his position as a litigant as required by <u>Lewis</u> in these matters. For all of the foregoing reasons, Nash's claim alleging inadequate legal assistance and access to the Rayburn law library is legally frivolous and fails to state a cognizable claim of violation of his constitutional rights upon which relief can be granted under Section 1983. It must be dismissed.

III.    <u>Denial of Grievances</u>

Nash also complains that his various grievances in the Rayburn ARP were denied. He attaches as exhibits to his complaint the responses he received to his grievances from Rayburn and DOC officials and alleges that he was not satisfied with the response. This complaint fails entirely to state a claim for relief under Section 1983.

The Fifth Circuit has held that an inmate "does not have a federally protected liberty interest in having . . . [ARP] grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." <u>Geiger v. Jowers</u>, 404 F.3d 371, 374-75 (5th Cir. 2005) (citing <u>Sandin</u>, 515 U.S. at 484; <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995)); accord <u>Bell v. Woods</u>, 382 F. App'x 391, 393 (5th Cir. 2010); <u>Johnson</u>, 360 F. App'x at 532. "Additionally, [as discussed above, plaintiff]

could not show any injury from the failure [adequately] to consider his grievances because the alleged [actions of jail officials of which] he complained . . . in the grievances did not implicate his constitutional rights." Bell, 382 F. App'x at 393.

In this case, Nash commenced the prison's ARP by filing grievances on several occasions concerning the claims addressed above that he was not being provided with adequate legal assistance or access to the law library. In the constitutional sense, an ARP grievance, at most, may arguably be viewed as a means of effectuating plaintiff's First Amendment right to petition the government for redress of grievances. In this instance, plaintiff's grievances were received and processed through the ARP, although the ARP did not end with the results that he wanted. It is clear from Nash's own submissions that his grievances were considered and that he received detailed responses to each grievance.

Interestingly, the Fifth Circuit has held that allegations that a prison official has failed adequately to follow particular prison rules, regulations or procedures, such as an ARP, cannot support a Section 1983 claim, without an independent constitutional violation. McFaul v. Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012) (citing Dist. Attorney's Ofc. v. Osborne, 557 U.S. 52, 67 (2009)); Jackson, 864 F.2d at 1251-52; Neuwirth v. La. State Bd. of Dentistry, 845 F.2d 553, 557 (5th Cir. 1988)); Patel v. Haro, 470 F. App'x 240, 244 (5th Cir. 2012); Stanley v. Foster, 464 F.3d 565 (5th Cir. 2006). "The failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." Richardson v.

Thornton, 299 F. App'x 461, 463 (5th Cir. 2008) (citing Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)).

In this instance, defendants in fact followed the appropriate ARP policies and responded to Nash's grievances in each instance in some detail. Nash simply is dissatisfied with the responses, apparently because he believes he has greater rights to legal assistance and law library access than constitutional law provides to prisoners. For the reasons discussed above, Nash has failed to state any independent constitutional violation underlying his ARP grievances. Nash's's dissatisfaction with defendants' responses to his ARP grievances fails to state a cognizable Section 1983 claim.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of December, 2018.

                                      JOSEPH C. WILKINSON, JR.
                                UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.